# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:13CV-P859-M

ROGER WAYNE WHITAKER                                                PLAINTIFF

v.

LADONNA THORNTON *et al.*                                         DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Roger Wayne Whitaker filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

### I.

Plaintiff was a convicted inmate at the Hardin County Detention Center (HCDC) at the time of filing this lawsuit. He has since been transferred and is currently housed at the Grayson County Detention Center. He sues LaDonna Thompson, Commissioner of the Department of Corrections (DOC), and Danny Allen, Jailer of the HCDC. He sues both Defendants in their official and individual capacities.

Plaintiff states that he is a Class D felon but is being housed at a county facility instead of a state prison. He states, "Because I have a Class D felony, I'm being denied the same opportunity that a class A & B & C felony has." Plaintiff maintains that, because he is housed in a county facility instead of a state prison, he is being denied the following: "access to the law library with trained legal aids & grievance aids and access to case workers"; a "full medical screening & dental check"; vocational training & college courses which allow inmates to obtain good-time credit; "access to a recreational yard with weights softball etc."; and "better quality &

quantity of food." Plaintiff also contends that he is being denied the opportunity to acquire the same amount of good-time credits as inmates housed in state facilities. He also states that "in class D they take 50 percent of all money you receive toward you[r] housing fee even after becoming a state inmate." He maintains that state inmates are housed with county inmates and are housed "in poor living conditions." He states, "If you receive a disciplinary report you are being denied due process, court call & a hearing & a trained legal aid if you are indigent . . . ." Plaintiff also avers that the DOC does not provide "state issued clothes" or boots to state inmates in county facilities "like you would if you went through R.C.C. assessment center." He states that he is "being charged for indigent packets that are suppost to be free." He avers that he "asked for a medical screening which was denied." Finally, he states that HCDC takes inmates' sheets and blankets for 6 to 8 hours and makes inmates sleep on "ice cold mattresses."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.**

While state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility). Therefore, Plaintiff's claim based generally on being a state inmate housed in a county facility will be dismissed for failure to state a claim upon which relief may be granted.

The Court will now address Plaintiff's specific allegations concerning his incarceration at HCDC.

*Law library*

Plaintiff contends that he was denied access to a law library at HCDC. While prisoners have a constitutional right of access to the courts under the First Amendment, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate

3

claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351. Plaintiff fails to allege actual injury or prejudice to a pending legal action or what legal action he may have even been pursuing. Accordingly, Plaintiff's claim that he was denied access to a law library fails to state a constitutional violation, and this claim will be dismissed for failure to state a claim upon which relief may be granted.

*Medical screening*

Plaintiff states that he was denied a medical and dental screening. The Eighth Amendment protects against cruel and unusual punishment of prisoners, including denial of inadequate medical care. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842).

Plaintiff states that he was not given a medical or dental screening, but he does not identify any medical or dental condition for which he required treatment. Without alleging a serious medical need, Plaintiff's claim fails to state a claim under § 1983 and will be dismissed.

*Vocational and college courses*

Plaintiff also complains that he had no access to vocational training or college courses at HCDC. However, prisoners have no constitutional right to participate in vocational, rehabilitation, and educational programs while incarcerated. *See, e.g.*, *Bullock v. McGinnis*, 5 F.

4

App'x 340, 348 (6th Cir. 2001) (prisoners have no constitutional right to rehabilitation, education, or jobs); *Carter v. Morgan*, No. 97-5580, 1998 U.S. App. LEXIS 2122, at *2 (6th Cir. Feb. 10, 1998) (prisoner has no constitutional right to educational classes); *Molina v. Wilkinson*, No. 96-3127, 1996 U.S. App. LEXIS 30692, at *2 (6th Cir. Nov. 21, 1996) (same). Therefore, Plaintiff's claim that he was denied vocational training and college courses will be dismissed for failure to state a claim under § 1983.

*Good-time credits*

Plaintiff contends that he was denied the opportunity to earn the same amount of good-time credits as inmates housed in state prisons. "A Kentucky inmate 'possesses no inherent constitutional right . . . to accumulate good time credits.'" *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). As such, Plaintiff cannot maintain a § 1983 claim based on his lack of opportunity to earn good-time credits, and the claim will be dismissed.

*Recreation*

Plaintiff also states that he was denied a recreational yard with weights and softball. While a total denial of recreational opportunities may violate the Constitution, *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985), the Sixth Circuit has not defined a minimum standard of recreation for adult prisoners. *Rodgers v. Jabe*, 43 F.3d 1082, 1087-88 (6th Cir. 1995). Plaintiff has not alleged a total denial of recreation. Nor has he alleged that the denial of recreation caused him any physical injury or placed him at substantial risk of serious harm. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Therefore, Plaintiff has failed to state a claim concerning recreation, and the claim will be dismissed.

5

*Food, clothes, and bed linens*

The Eighth Amendment protects against cruel and unusual punishment. However, the Supreme Court has held that the Eighth Amendment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Id.* However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). A viable Eighth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. at 298; *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03.

Plaintiff alleges that he was denied "better quality and quantity of food" and that he was not provided with clothing and boots. He does not allege that he was denied food or that the food he received was not nutritionally adequate. Nor does he allege that he was denied clothing or boots. He appears to allege that they are not the same clothes and boots issued to state prison inmates. He does not allege how the clothes are inadequate or any other facts that show that the clothes deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S.

6

at 347. Further, Plaintiff does not allege that he suffered any injury as a result of these alleged deprivations. *Horn by Parks v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994) ("[A] violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury."); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986).

With regard to his claim concerning his bed linens, "[i]n the absence of evidence that a prisoner suffered physical injury, the deprivation of a mattress and bedding for a fixed amount of time does not violate the Eighth Amendment." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). Based on Plaintiff's allegations, his bed linens were taken for limited periods of time and he did not suffer any physical injury as a result. A mere uncomfortable or imperfect sleeping arrangement simply does not rise to the level of a "deprivation denying the minimal civilized measure of life's necessities," and, thus, does not equate to "cruel and unusual punishment." *Wilson v. Seiter*, 501 U.S. at 298.

Therefore, Plaintiff's claims concerning food quality and quantity, state-issued clothing and boots, and his bed linens will be dismissed for failure to state a claim.

*Indigent pack and housing fee*

Plaintiff also claims that he was required to pay for an indigent pack and had money withheld from his inmate account for a housing fee. While Plaintiff does not cite any grounds to support this claim, to the extent that he may allege these payments were in violation of the due process clause of the Fourteenth Amendment, prisoners have a protected property interest in their money. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). However, a plaintiff has not shown that he has been "deprived" of that interest where he has received items in exchange for the fee. *See, e.g.*, *Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001) ("The

7

[medical] copayment fee was deducted from their accounts in exchange for medical services."); *Sturkey v. Ozmint*, No. 8:07-1502-MBS, 2009 U.S. Dist. LEXIS 18786, at *2 (D.S.C. Mar. 11, 2009) ("[D]ebits such as those made for filing fees, medical services, and expenses are not 'deprivations' because the inmate has been provided with a service or good in exchange for the money debited.") Therefore, as it is clear from the complaint that Plaintiff received the indigent pack for which he was charged, this claim fails.

Even if Plaintiff were deprived of a property interest with respect to being assessed a housing fee, the Sixth Circuit has held that withholding funds from an inmate account for a housing fee does not state a due process claim. *Sickles v. Campbell Cnty.*, 501 F.3d 726, 730-32 (6th Cir. 2007). Further, Plaintiff has failed to allege that the state post-deprivation procedures are inadequate to remedy the alleged deprivations. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *rev'd on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)); *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

*Disciplinary action*

With regard to Plaintiff's allegations concerning disciplinary actions at HCDC, he states, "If you receive a disciplinary report you are being denied due process, court call & a hearing & a trained legal aid." Plaintiff does not state that he himself has been disciplined, under what circumstances he was disciplined, or that he was denied due process. Unless a plaintiff alleges that he was personally harmed or injured, and that the harm or injury was fairly traceable to the defendant's alleged unconstitutional conduct, he does not satisfy the standing requirements of Article III. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Because Plaintiff fails to allege whether

or how he himself was denied due process, his claim related to disciplinary actions will be dismissed for failure to state a claim.

## IV.

For the reasons stated above, the Court will enter a separate Order dismissing the action.

Date: February 14, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.010